**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**JASON GERDES,**
**ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**

**Plaintiff,**

**v.**

**WELTMAN, WEINBERG & REIS CO., LPA,**
**NATIONAL COLLEGIATE FUNDING, LLC,**
**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1,**
**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1, AND**
**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1,**

**Defendant,**

---

**Civil Action No.: 2:17-6967-ES-CLW**

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff, **JASON GERDES** (hereinafter referred to as "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, Law Office of Simon Goldenberg, PLLC, complaining of the Defendants, hereby alleges as follows:

Plaintiff, JASON GERDES (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorneys, Law Office of Simon Goldenberg, PLLC, against Defendant WELTMAN, WEINBERG & REIS CO., LPA (hereinafter referred to as "WWR"), NATIONAL COLLEGIATE FUNDING, LLC (hereinafter referred to as "NCF"), NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1, and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1 (hereinafter collectively referred to as "NCSLT") (the Defendants are collectively referred to as "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 15 U.S.C. § 1692 *et seq*. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (b)(2) and (b)(3), because the Defendant resides in this judicial district, a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendant is subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

2. Plaintiff, JASON GERDES, is an adult residing in Essex County, New Jersey.

3. Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter referred to as "WWR") is a law firm regularly engaging in the business of collecting debts in this State with its principal place of business located at 3705 Marlane Drive, Grove City, OH 43123. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

4. Defendant National Collegiate Funding, LLC is a limited liability corporation engaging in the business of collecting debts in this State with its principal place of business located at 800 Boylston Street, Floor 34, Boston, MA 02199. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant National Collegiate Student Loan Trust 2004-1 is a limited liability corporation engaging in the business of collecting debts in this State with its principal place of business located at 800 Boylston Street, Floor 34, Boston, MA 02199. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6. Defendant National Collegiate Student Loan Trust 2003-1 is a limited liability corporation engaging in the business of collecting debts in this State with its principal place of business located at 800 Boylston Street, Floor 34, Boston, MA 02199. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

7. Defendant National Collegiate Student Loan Trust 2005-1 is a limited liability corporation engaging in the business of collecting debts in this State with its principal place of business located at 800 Boylston Street, Floor 34, Boston, MA 02199. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

8. Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all persons in the United States to whom Weltman, Weinberg & Reis Co., LPA mailed a letter, between July 12, 2016 and August 2, 2017, to collect a defaulted student loan on behalf of National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2003-1, or National Collegiate Student Loan Trust 2005-1, which letter failed to notify the recipient that: (i) an attorney had not reviewed the particular circumstances of the debt being collected; or (ii) that interest, late fees, and other charges were accruing on the debt. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

12. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

13. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the Classes and Sub-Classes, Class Claims, and the Class Periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4)

14. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692e.

15. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

16. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well- defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as **Exhibit A**, violate 15 U.S.C. §§ 1692e.

c. **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTS CONCERNING PLAINTIFF

20. Defendant WWR attempted to collect a debt allegedly owed by Plaintiff relating to multiple student loans allegedly owed to National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2003-1, and National Collegiate Student Loan Trust 2005-1, and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

21. Defendant NCF is the corporate owner of NCSLT.

22. In an attempt to collect the purported debt, WWR sent Plaintiff three dunning letters dated November 8, 2016. The same is attached to this complaint as "Exhibit A."

23. The letters are a "communication" as defined by 15 U.S.C. § 1692a(2).

24. The letters were written on WWR's letterhead which clearly states that WWR is a law firm.

25. Additionally, the body of the letters stated that the "account has been placed with us to collect the outstanding balance due and owing on this account to the current creditor," and was signed "Sincerely, Weltman Weinberg & Reis Co. L.P.A."

26. Upon information and belief, Plaintiff's account was not actually reviewed by any attorney.

27. Upon information and belief, there was no meaningful attorney involvement in Plaintiff's account.

28. Upon information and belief, WWR never intended to commence any legal action against Plaintiff.

29. Additionally, upon information and belief, Plaintiff presumed, as would the "least sophisticated consumer," that the letters were in fact the work product of one or more licensed attorneys as it was written on firm letterhead.

30. Furthermore, upon information and belief, Plaintiff presumed, as would the "least sophisticated consumer," that the letters were in fact the work product of one or more licensed attorneys as it was signed "Sincerely, Weltman Weinberg & Reis Co. L.P.A."

31. After receiving the letters, upon information and belief, Plaintiff reasonably inferred, as would the "least sophisticated consumer," that NCSLT was proceeding more aggressively against Plaintiff in collecting on the debt, as NCSLT had incurred the expense of hiring a law firm.

32. Upon information and belief, Plaintiff understood the letters, as would the "least sophisticated consumer," that the debt collection process has entered into a phase where NCSLT, through its New Jersey licensed attorneys, will begin to use procedures established by law and known to attorneys to collect on the debt.

33. Upon information and belief, Plaintiff understood the letters, as would the "least sophisticated consumer," that his property and other financial interests were in potential jeopardy.

34. Upon information and belief, Plaintiff understood the letters and believed and expected, as would the "least sophisticated consumer," that NCSLT hired WWR in order to take legal action.

35. Thus, WWR falsely raised the specter of potential legal action, in violation of the FDCPA.

36. Additionally, on or about January 24, 2017, Defendant WWR sent Plaintiff a second set of letters advising Plaintiff of its willingness to settle the underlying obligation. The letter also indicates that "your failure to maintain the above-mentioned agreement will render said agreement as null and void, which may result in legal and/or continued collection efforts."

37. The letters were written on WWR's letterhead which clearly states that WWR is a law firm.

38. Upon information and belief, Plaintiff's account was not actually reviewed by any attorney.

39. Upon information and belief, there was no meaningful attorney involvement in Plaintiff's account.

40. Upon information and belief, WWR never intended to commence any legal action against Plaintiff.

41. Additionally, upon information and belief, Plaintiff presumed, as would the "least sophisticated consumer," that the letters were in fact the work product of one or more licensed attorneys as it was written on firm letterhead.

42. After receiving the letters, upon information and belief, Plaintiff reasonably inferred, as would the "least sophisticated consumer," that NCSLT was proceeding more aggressively against Plaintiff in collecting on the debt, as NCSLT had incurred the expense of hiring a law firm.

43. Upon information and belief, Plaintiff understood the letters and believed and expected, as would the "least sophisticated consumer," that NCSLT hired WWR in order to take legal action.

44. Thus, WWR again falsely raised the specter of potential legal action, in further violation of the FDCPA.

45. Furthermore, the letters failed to disclose that the balance may increase due to interest and fees.

46. Upon information and belief, Plaintiff understood the letters and believed and expected, as would the "least sophisticated consumer," that payment of the balance stated in the letters would clear the account.

47. WWR's failure to disclose that the balance may increase due to interest and fees is deceptive and misleading to the least sophisticated consumer, in violation of the FDCPA.

48. WWR knew or should have known that its actions violated the FDCPA. Additionally, WWR could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so, and failed to adequately review its actions to ensure compliance with said laws.

49. At all times pertinent hereto, WWR were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of WWR herein.

50. As a result of the WWR's conduct, Plaintiff has sustained actual damages including, but not limited to: nervousness; fear; worry; fright; shock; humiliation and intimidation.

51. Plaintiff is informed and believe, and on that basis alleged, that at all times relevant to the collection of the above-referenced obligations, there existed a principal-agent relationship between WWR on the one-hand, and NCF and NCSLT on the other hand.

52. Plaintiff is informed and believe, and on that basis allege, that at all times relevant to the collection of the above-referenced obligation, WWR was also the agent for NCF and NCSLT, acting within the course and scope of its employment at the time of the incidents complained of herein, and was at all times under the direct supervision, instruction, control, and approval of NCF and NCSLT.

53. Plaintiff is informed and believe, and on that basis allege, that at all times relevant to the collection of the above-referenced obligation, NCF and NCSLT directed and controlled the manner and means by which WWR attempted to collect debts from Plaintiff and the class members.

54. As such, NCF and NCSLT are vicariously liable for the actions of its agent.

## AS AND FOR A FIRST CAUSE OF ACTION

(Fair Debt Collection Practices Act)

55. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs.

56. The above contacts between WWR and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

57. WWR violated provisions of the FDCPA, including, but not limited to, the following:

58. With respect to the first set of letters, *see* **Exhibit A**, the FDCPA § 1692e prohibits any false, deceptive, or misleading means to collect a debt. 1692e(3) prohibits the false representation that any communication is from an attorney. § 1692e(5) prohibits threatening to take any action that is not intended to be taken. § 1692e(10) prohibits any false representation or deceptive means to collect a debt. By using letterhead stating "Weltman Weinberg & Reis Co. L.P.A., Attorneys at Law," and by signing the letters "Sincerely, Weltman Weinberg & Reis Co. L.P.A.," WWR falsely implied meaningful attorney involvement, falsely represented that it was acting in its legal capacity, and falsely raised the specter of potential legal action, in violation of the FDCPA.

59. With respect to the second set of letters, *see* **Exhibit B**, the FDCPA § 1692e prohibits any false, deceptive, or misleading means to collect a debt. 1692e(3) prohibits the false representation that any communication is from an attorney. § 1692e(5) prohibits threatening to take any action that is not intended to be taken. § 1692e(10)

prohibits any false representation or deceptive means to collect a debt. By using letterhead stating "Weltman Weinberg & Reis Co. L.P.A., Attorneys at Law," and by stating that "your failure to maintain the above-mentioned agreement will render said agreement as null and void, which may result in legal and/or continued collection efforts," WWR falsely implied meaningful attorney involvement, falsely represented that it was acting in its legal capacity, and falsely raised the specter of potential legal action, in violation of the FDCPA.

60. The FDCPA § 1692e prohibits any false, deceptive, or misleading means to collect a debt. § 1692e(2) prohibits the false representation of the character, amount or legal status of any debt. § 1692e(10) prohibits any false representation or deceptive means to collect a debt. By failing to state that the balance may increase due to interest and fees, Defendant falsely represented the character and status of the debt, and mislead the Plaintiff of the same, in violation of the FDCPA.

61. As a result of the above violations of the FDCPA, Plaintiff has suffered actual damages as set forth below.

## PLAINTIFF'S ACTUAL DAMAGES

62. As a result of the violations, Plaintiff suffered actual damages, which include but are not limited to, nervousness; fear; worry; fright; shock; humiliation and intimidation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a) Certify this action as a class action and appoint Plaintiff as a Class Representative of the Class, and his attorneys as Class Action;
b) Find that the Defendants' actions violate the FDCPA;
c) Grant an award of statutory damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);
d) Grant actual damages resulting from emotional distress, stress, and confusion in an amount to be determined at trial;
e) Grant Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1692k;
f) Grant Plaintiff's costs; together with
g) Such other and further relief as may be just and proper.

Dated: November 7, 2017

**Law Office of Simon Goldenberg, PLLC**
**Attorneys for Plaintiff**

**/s/ Simon Goldenberg**
**BY: Simon Goldenberg, Esq.**
**818 East 16th St.**
**Brooklyn, NY 11230**
**P: (347) 640-4357**
**F: (347) 472-0347**

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 7, 2017

*/s/ Simon Goldenberg*
Simon Goldenberg, Esq.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Simon Goldenberg, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 7, 2017

*/s/ Simon Goldenberg*
Simon Goldenberg, Esq.

# EXHIBIT
# A

WELTMAN, WEINBERG & REIS Co., LPA
ATTORNEYS AT LAW
*Over 80 Years of Service.*

3705 Marlane Drive Grove City, OH 43123-8895
(614) 801-2600 (800) 223-2070
MON-THURS 8AM-845PM, FRI 8AM-445PM EST

November 8, 2016

JASON D GERDES
40 MYRTLE AVE
NUTLEY NJ 07110-3744

RE: Current Creditor: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1
Account No. - XXX665909-002-PHEA
WWR No.: 21313788
Balance Due as of November 8, 2016: $40,821.44

Dear JASON D GERDES:

Please be advised that the above referenced account has been placed with us to collect the outstanding balance due and owing on this account to the current creditor referenced above. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact us at 1-800-223-2070 to discuss an appropriate resolution for this matter. Additionally, you may be able to pay on your account online via our web pay website at www.wwrepay.com.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope*** WONWELT01323

**WWR FILE NO. - 21313788**
Balance Due as of November 8, 2016: $40,821.44

3705 Marlane Drive
Grove City, OH 43123-8895
ADDRESS SERVICE REQUESTED

November 8, 2016

**WELTMAN, WEINBERG & REIS CO., L.P.A.**
P.O. Box 93596
Cleveland, OH 44101-5596

H17/323/22634587/0502-323 266842847

JASON D GERDES
40 MYRTLE AVE
NUTLEY NJ 07110-3744

H17/323/22634587/0502

**WELTMAN, WEINBERG & REIS Co., LPA**

**ATTORNEYS AT LAW**

*Over 80 Years of Service.*

3705 Marlane Drive Grove City, OH 43123-8895
(614) 801-2600 (800) 223-2070
MON-THURS 8AM-845PM, FRI 8AM-445PM EST

November 8, 2016

JASON D GERDES
40 MYRTLE AVE
NUTLEY NJ 07110-3744

RE: Current Creditor: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1
Account No. - XXX665909-001-PHEA
WWR No.: 21313787
Balance Due as of November 8, 2016: $42,799.66

Dear JASON D GERDES:

Please be advised that the above referenced account has been placed with us to collect the outstanding balance due and owing on this account to the current creditor referenced above. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact us at 1-800-223-2070 to discuss an appropriate resolution for this matter. Additionally, you may be able to pay on your account online via our web pay website at www.wwrepay.com.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

WONWELT01323

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

**WWR FILE NO. - 21313787**
Balance Due as of November 8, 2016: $42,799.66

3705 Marlane Drive
Grove City, OH 43123-8895
ADDRESS SERVICE REQUESTED

November 8, 2016

**WELTMAN, WEINBERG & REIS CO., L.P.A.**
P.O. Box 93596
Cleveland, OH 44101-5596

H17/323/22634558/0502-323 266842846

JASON D GERDES
40 MYRTLE AVE
NUTLEY NJ 07110-3744

H17/323/22634558/0502

**WELTMAN, WEINBERG & REIS Co., LPA**

ATTORNEYS AT LAW

*Over 80 Years of Service.*

3705 Marlane Drive Grove City, OH 43123-8895
(614) 801-2600 (800) 223-2070
MON-THURS 8AM-845PM, FRI 8AM-445PM EST

November 8, 2016

JASON D GERDES
40 MYRTLE AVE
NUTLEY NJ 07110-3744

RE: Current Creditor: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1
Account No. - XXX665909-003-PHEA
WWR No.: 21313789
Balance Due as of November 8, 2016: $39,511.11

Dear JASON D GERDES:

Please be advised that the above referenced account has been placed with us to collect the outstanding balance due and owing on this account to the current creditor referenced above. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact us at 1-800-223-2070 to discuss an appropriate resolution for this matter. Additionally, you may be able to pay on your account online via our web pay website at www.wwrepay.com.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

WONWELT01323

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

---

**WWR FILE NO. - 21313789**
Balance Due as of November 8, 2016: $39,511.11

3705 Marlane Drive
Grove City, OH 43123-8895
ADDRESS SERVICE REQUESTED

November 8, 2016

**WELTMAN, WEINBERG & REIS CO., L.P.A.**
P.O. Box 93596
Cleveland, OH 44101-5596

H17/323/22634613/0502-323 266842848

JASON D GERDES
40 MYRTLE AVE
NUTLEY NJ 07110-3744

H17/323/22634613/0502

# EXHIBIT B

WELTMAN, WEINBERG & REIS Co., LPA

965 Keynote Circle, Brooklyn Heights, OH 44131
216-739-5100 phone | 216-739-5116 fax
weltman.com

January 24, 2017

Attn: Andrew
Via Facsimile: 937-343-6677

Re: Jason D Gerdes & Robert Gerdes
Current Creditor: National Collegiate Student Loan Trust 2005-1
Account No: xxxxxx5909-003-PHEA
Balance: $39,929.28
WWR No: 21313789

Dear Jason D Gerdes & Robert Gerdes:

Please be advised that our client is willing to settle this claim for $22,725.95 due in 48 payments. The first payment in the amount of $4,599.46 is due on or before January 30, 2017, the remaining 47 payments in the amount of $385.67 are due on or before the 27th of every month beginning February 27, 2017 and ending December 27, 2020.

Please mail funds to P.O. Box 93596, **Cleveland, OH 44101-5596** or please call 1-800-223-2070 to authorize a check by phone. You may be able to pay on your account online via our web-pay website at www.wwrepay.com.

Or you may be able to pay on your account online via our web-pay website at www.wwrepay.com.

Your failure to maintain the above mentioned agreement will render said agreement as null and void, which may result in legal and/or continued collection efforts.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose.

Please contact our office at 1-800-223-2070 if you have any questions concerning this matter.

Sincerely,

Shane Howell
Collection Supervisor

SHO/seh

WELTMAN, WEINBERG & REIS Co., LPA

965 Keynote Circle, Brooklyn Heights, OH 44131
216-739-5100 phone | 216-739-5116 fax
weltman.com

January 24, 2017

Attn: Andrew
Via Facsimile: 937-343-6677

Re: Jason D Gerdes & Robert Gerdes
Current Creditor: National Collegiate Student Loan Trust 2004-1
Account No: xxxxxx5909-002-PHEA
Balance: $41,253.47
WWR No: 21313788

Dear Jason D Gerdes & Robert Gerdes:

Please be advised that our client is willing to settle this claim for $23,489.60 due in 48 payments. The first payment in the amount of $4,751.39 is due on or before January 30, 2017, the remaining 46 payments in the amount of $398.47 are due on or before the 27th of every month beginning February 27, 2017 and ending November 27, 2020. There after one final payment in the amount of $398.59 is due on or before December 27, 2020.

Please mail funds to P.O. Box 93596, **Cleveland, OH 44101-5596** or please call 1-800-223-2070 to authorize a check by phone. You may be able to pay on your account online via our web-pay website at www.wwrepay.com.

Or you may be able to pay on your account online via our web-pay website at www.wwrepay.com.

Your failure to maintain the above mentioned agreement will render said agreement as null and void, which may result in legal and/or continued collection efforts.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose.

Please contact our office at 1-800-223-2070 if you have any questions concerning this matter.

Sincerely,

Shane Howell
Collection Supervisor

SHO/seh

**WELTMAN, WEINBERG & REIS Co., LPA**

965 Keynote Circle, Brooklyn Heights, OH 44131
216-739-5100 phone | 216-739-5116 fax
weltman.com

January 24, 2017

Attn: Andrew
Via Facsimile: 937-343-6677

Re: Jason D Gerdes & Robert Gerdes
Current Creditor: National Collegiate Student Loan Trust 2003-1
Account No: xxxxxx5909-001-PHEA
Balance: $43,252.63
WWR No: 21313787

Dear Jason D Gerdes & Robert Gerdes:

Please be advised that our client is willing to settle this claim for $24,617.45 due in 48 payments. The first payment in the amount of $4,982.15 is due on or before January 30, 2017, the remaining 46 payments in the amount of $417.77 are due on or before the 27th of every month beginning February 27, 2017 and ending November 27, 2020. There after one final payment in the amount of $417.88 is due on or before December 27, 2020.

Please mail funds to P.O. Box 93596, **Cleveland, OH 44101-5596** or please call 1-800-223-2070 to authorize a check by phone. You may be able to pay on your account online via our web-pay website at www.wwrepay.com.

Or you may be able to pay on your account online via our web-pay website at www.wwrepay.com.

Your failure to maintain the above mentioned agreement will render said agreement as null and void, which may result in legal and/or continued collection efforts.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose.

Please contact our office at 1-800-223-2070 if you have any questions concerning this matter.

Sincerely,

Shane Howell
Collection Supervisor

SHO/seh